Rockingham, }
June 25, 1920. }

### STATE *v.* ALEXANDER BELISLE.

### SAME *v.* WALTER LYMAN.

Upon trial of an indictment for assault and battery, evidence of the respondent's disposition, character and reputation are admissible as tending to show the reasonableness of the apprehension that he would make an attack and of the mode of defence adopted against it.

If evidence is admissible for any purpose, a general exception to its admission is unavailing.

INDICTMENTS, for assault and battery upon one Fox, a police officer of the town of Raymond. The cases were tried together and resulted in verdicts of guilty.

The defendants excepted to the admission of certain evidence and to the argument of the county solicitor to the jury, as appears in the opinion. Transferred from the October term, 1919, of the superior court by *Allen*, J.

*William H. Sleeper*, solicitor, for the state.

*Doyle & Doyle*, for the defendants.

PEASLEE, J. Subject to exception, the state was permitted to show that the respondent Lyman was a man whom the special officer Fox might expect would use force, that there was much feeling in the town over a strike which was then in progress, and that assaults on non-strikers had occurred a few days before the one in question.

Lyman was one of the strikers and admitted that he upbraided Fox for taking sides against them and accepting the position of special police officer. According to the state's evidence Lyman then threatened to do bodily injury to Fox, called him opprobrious names and advanced toward him in a threatening manner. When Lyman came close up, Fox drew his revolver. Belisle then ran around behind Fox, seized him by the arms, threw him to the floor, took away his revolver and held him while Lyman beat him about the head. According to the defendants' evidence, Lyman merely criticized Fox for taking sides against the strikers, whereupon Fox drew his revolver and threatened to shoot Lyman. Help being called for, Belisle, who was passing by, came in and disarmed Fox, using only the necessary force.

According to the state's evidence Fox had abundant occasion to draw his revolver, and according to the defendants' he had none. Whether Fox was justified in his action was treated as an important issue at the trial, and the jury were charged at length upon its bearing on the guilt of Belisle. It was therefore permissible for the state to show all the facts it could tending to prove the disputed fact. It is plain that the evidence objected to all tended to establish the existence of the alleged occasion.

The defendants have argued the case here as though the evidence was ruled in and used as proof that Lyman assaulted Fox. It is undoubtedly true that at least a part of it was inadmissible for that purpose. The argument that the disposition, character, and reputation of Lyman are not evidence that he assaulted Fox, is sound. The difficulty with the defendants' case is that while the evidence was not admissible for that purpose, it was clearly admissible to prove the reasonableness of the mode of defence from threatened attack adopted by Fox. As the evidence was admissible for some purpose, a general exception to it is unavailing. If the defendants feared it might be used improperly, they should have requested the court to limit it. *Cobb* v. *Follansbee, ante,* 210.

So far as the argument on behalf of the state is reported, it shows that the evidence was properly applied. It was argued that these facts showed what was in the minds of the special officers that morning. When exception to the argument was taken it was put upon the ground that the solicitor stated a fact not in evidence. An examination of the record shows that the fact stated was testified to by the defendants' witness Case, upon cross-examination.

*Exceptions overruled.*

All concurred.